UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 235 |
| | ) | |
| MISAEL PADILLA GALVEZ and | ) | Judge Joan B. Gottschall |
| MIGUEL OCON | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANTS' PRETRIAL MOTIONS**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, responds in one consolidated pleading to all of the defendants' pretrial motions, as follows:

Defendants' filed the following discovery related pretrial motions:

• Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence;
• Motion for Disclosure of Favorable and Impeaching Evidence;
• Motion for Production of Confidential Informant and Disclosure of Relevant Criminal Background and Financial Information with Incorporated Memorandum of Law;
• Motion For Inspection Of Electronic Surveillance Materials; and
• Motion For A Hearing on The Admissibility of Co-conspirators' statements

Each motion should be denied as discussed herein.

In accordance with this Court's order, the government complied with its obligations under Fed. R. Crim. P. 16. The government disclosed all documents and items not previously disclosed to defendants, including documents and items the government has no obligation to disclose at this early date. The United States has adopted this "open file" discovery to

streamline trial preparation, and because it has nothing to hide. Accordingly, the short response to each discovery motion is that the government has provided all it has, and when it receives additional documents or items, it will disclose them to defendants.

In the Rule 16 letter, the government offered to discuss with the defendants a timetable for disclosure of some documents it is required to produce at a later date. The government has agreed to disclose: 404(b) evidence one week before trial; file, if necessary, a *Santiago* proffer two weeks before trial; and produce § 3500 materials one week before trial. Defendants have never responded to the government's letter, and instead filed discovery motions.

The government additionally responds to the particular defense discovery motions as follows.

**A.    Defendants' Motions for Immediate Disclosure of Favorable Evidence, Evidence Which May Lead to the Impeachment of any Government Witness, and Disclosure of Favorable and Impeaching Evidence**

Defendants seek disclosure of several general categories of exculpatory and favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Bagley*, 473 U.S. 667 (1985), including but not limited to: (a) witness statements favorable to defendants; (b) specific evidence that detracts from the credibility of government evidence; (c) exculpatory evidence related to defendants; and (d) information that can be used to impeach government witnesses.

The government understands its *Brady* obligation to produce exculpatory evidence to the defense. The government has already produced everything it is aware of, and if any additional evidence comes to the government's attention, it will be turned over.

Similarly, the government is also aware of, and will comply with, its *Giglio* obligations to turn over information that impeaches its witnesses. Specifically, with respect to the persons the government intends to call in its case-in-chief, the information the government will turnover includes: prior inconsistent statements of the particular witness; promises of reward to a witness; prior acts of misconduct which the witness has acknowledged or which have been established to the government's satisfaction; and, plea agreements. Therefore, defendants' motions should be denied.

> **B.** **Defendants' Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence**
>
> **1.** **Rule 404(b) Evidence**

Defendants have moved for disclosure of "other acts" evidence offered pursuant to Federal Rule of Evidence 404(b). This Rule requires the government to provide "reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." The government will provide such notice one week before trial, in the form of all written reports in its possession concerning these events. In addition, one week before trial, the government will turn over to defendant all *Giglio* and *Jencks* materials in its possession relating to any 404(b) evidence it intends at that time to use at trial. Of course, the government has already turned over ample evidence against the defendants that is

arguably admissible under Rule 404(b), and it will continue to do so, should such information become available. Therefore, defendants' motion should be denied.

### 2. Rule 608(b) Evidence

Defendants also request that the government turn over all "other act" impeachment evidence for any witness, including the defendants and defense witnesses. This is a request for advance disclosure of material that might be used to impeach a defense witness under Federal Rule of Evidence 608(b). This request should be denied on the ground that Rule 608(b) material is not part of the government's case in chief, but merely potential impeachment evidence to be used in the event defendants, or another defense witness, testify at trial. The Seventh Circuit has held that "there is no general requirement that each side give notice of impeachment evidence." *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir.1989); *United States v. Messino*, 855 F. Supp. 955, 965 (N.D. Ill. 1994) (denying motion for disclosure of Rule 608(b) evidence).

In addition, specific instances of conduct under Rule 608(b) may *only* be used on cross-examination. Since specific instances of conduct cannot be used in the government's case-in-chief, defendants are not entitled to discovery of evidence admissible solely under Rule 608(b). *See Messino*, 855 F. Supp. at 965. Therefore, defendants' motions should be denied.

### C. Motion For Inspection of Electronic Surveillance Materials

Defendants also request the inspection of electronic surveillance materials. The government has already provided the defendants with all recorded conversations in its possession. The Defendant cites no statute or case law that requires the government to produce any additional items beyond the abundant disclosure already provided. Therefore, the defendants' motions should be denied.

### D. Motion for Production of Confidential Informant and Disclosure of Relevant Criminal Background and Financial Information.

Defendants have also moved to compel the "immediate disclosure" by the government of the name and address of the confidential informant ("CI") identified in the criminal complaint.

The government acknowledges that it will have to disclose the identity of the CI *if* the government decides to call the CI as a witness in the government's case-in-chief. *See Roviaro v. United States*, 353 U.S. 53 (1957). However, the CI's identity should be disclosed to the defendants in the same manner as the identity of all other government witnesses, which is usually at or near the time of trial. Although defendants make the broad claim that "it is necessary to explore the veracity of the claims made by the cooperating source," he fails to articulate any reason why he has a particular need for the government to identify the CI "immediately." Since there is no such reason, the defendants' motion should be denied even if the government chooses to call the CI as a witness in the government's case-in-chief at trial.

However, this Court should not order disclosure of the CI's identity even if the government elects not to call the CI to testify at trial. It is well settled that the identity of a non-testifying CI is presumptively privileged, and, therefore, the government need not disclose the identity of such persons to the defense, even without a showing that the CI was in danger of likely retaliation if his/her identity were disclosed. *See Dole v. Local 1942*, 870 F.2d 368, 372 (7th Cir. 1989); accord *In the Matter of Eyecare Physicians of America*, 100 F.3d 514, 518 n.6 (7th Cir. 1996); *United States v. Herrero*, 893 F.2d 1512, 1525 (7th Cir. 1990). Defendants can overcome the privilege only if they establish that "the identification of the informant or of a communication *is essential* to a balanced measure of the issues and the fair administration of justice." *Dole*, 870 F.2d at 372 (emphasis added) (citing *Roviaro*). Defendants' motion, of course, is completely devoid of this necessary showing. Indeed, the criminal complaint identifies several forms of evidence that establish the defendants' participation in the drug conspiracy; the evidence emanating from the CI is only a portion of that evidence. Finally, if this Court concludes that disclosure of the CI's identity is required under *Roviaro*, the government asks that the Court require such disclosure no earlier than two weeks before trial so that such disclosure occurs at approximately the same time as the government's disclosure of other witnesses in the case.

### E. Motion for Production of Confidential Informant and Disclosure of Relevant Criminal Background and Financial Information.

Defendants have moved that the Court conduct a hearing to determine the admissibility of coconspirators' statements, or in the alternative, to require the government to provide a *Santiago* proffer in advance of trial if the government intends to offer coconspirators' statements into evidence at trial under Federal Rule of Evidence 801 (d)(2)(E). The government's position is that a hearing regarding the admissibility of coconspirators' statements is unnecessary. The government agrees to file its *Santiago* proffer two weeks prior to trial. Given that the government has agreed to file its *Santiago* proffer two weeks prior to the start of the trial, the defendants will have ample time to prepare for trial. Accordingly, the defendants' motions should be denied.

### F. Government's Motion for Reciprocal Discovery

The government, pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, moves this Court to enter an order requiring defendants to make available immediately for inspection by the government:

1. the opportunity to inspect and copy anything that the defendants' may mark as an exhibit at trial;

2. the results of any examination or test that the defendants may raise at trial;

    3.    notice of any alibi or similar defense the defendants intends to raise, including the defense of necessity or coercion and any defense asserting the defendants' unavailability, on or near the dates named in the information; and

    4.    notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged.

The disclosures requested are specifically covered by the Federal Rules of Criminal Procedure, and were requested by the government in its initial Rule 16 letter. Moreover, defendants have been given discovery by the government. Therefore, it is appropriate that defendants now make the reciprocal disclosures that the rules of criminal procedure require, since, "[d]iscovery must be a two-way street." *Wardius v. Oregon*, 412 U.S. 470, 475 (1973).

    Respectfully submitted,
    PATRICK J. FITZGERALD
    United States Attorney

By:  /s/ Nathalina A. Hudson
    NATHALINA A. HUDSON
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-1123

Dated: July 24, 2008

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following documents:

Government's Consolidated Response to Defendants' Pretrial Motions

were served on July 24, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Nathalina A. Hudson
NATHALINA A. HUDSO
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 353-1123